THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRANDON CREEKMORE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SOUND TRANSIT (Central Puget Sound Regional Transit Authority); Sound Transit Fare Enforcement Officers TERRENCE CARPENTER, BRENDA E. ACKERS, JUSTIN K. VENTURA, and MATTHEW D. VEILE; Sound Transit Field Supervisor CHRISTOPHER WINDHAM; SECURITAS SECURITY SERVICES USA, INC.; and DOES I through V, inclusive, employees of Sound Transit,<br><br>Defendants. | Case No. 2:15-cv-00786 TSZ<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>[JURY TRIAL DEMANDED] |

## I. INTRODUCTION

1. This is an action for damages sustained by a citizen of Seattle, Washington against a Sound Transit Fare Enforcement Officer, through his intentional conduct and reckless and conscious disregard for the First, Fourth, and Fourteenth Amendments, has caused Plaintiff Brandon Creekmore to suffer deprivation of his civil and constitutional rights, physical injury, and severe mental and emotional distress.

FIRST AMENDED COMPLAINT FOR DAMAGES - 1
Case No. 2:15-cv-00786 TSZ

**AKW LAW, PLLC**
2150 N 107th St., Ste. 520
Seattle, WA 98133
Tel. (206) 886-7886/Fax (855) 925-9529

## II. JURISDICTION

2. The jurisdiction of this Court over this Complaint is invoked pursuant to the provisions of 28 U.S.C. §§ 1331(a) and 1343(1), (2), (3), and (4) for plaintiff's federal constitutional claims, which derive from the provisions of 42 U.S.C §§ 1983 and 1988 and the Constitution of the United States, specifically the First, Fourth, and Fourteenth Amendments thereto, and pursuant to 28 U.S.C. § 1367 for his state law tort claims.

## III. VENUE

3. All of the unlawful acts and practices alleged herein occurred in King County, Washington. Thus, the Western District of Washington Seattle Courthouse is the appropriate forum for this matter.

## IV. PARTIES

4. Plaintiff Brandon Creekmore is an adult African American male citizen of the United States and a resident of the State of Washington.

5. Defendant Central Puget Sound Regional Transit Authority, commonly known as Sound Transit (hereinafter "Sound Transit"), is a public transit system servicing Snohomish, King and Pierce counties. It operates express bus, commuter rail and light rail service in the region. It is an entity of the State of Washington, duly organized and existing under the laws of the State of Washington. Sound Transit controls the nature of the work of individual Defendants.

6. Defendant Sound Transit Fare Enforcement Officer (hereinafter "FEO") Terrence Carpenter, is, or was at all times relevant hereto, a joint employee of Sound Transit and Securitas Security Services USA, Inc. (hereinafter "Securitas"), and, in doing the things

FIRST AMENDED COMPLAINT FOR DAMAGES - 2
Case No. 2:15-cv-00786 TSZ

AKW LAW, PLLC
2150 N 107th St., Ste. 520
Seattle, WA 98133
Tel. (206) 886-7886/Fax (855) 925-9529

complained of herein, was acting under color of law and within the course and scope of his employment by Sound Transit and Securitas.

7. Defendant Sound Transit FEO Brenda Ackers, is, or was at all times relevant hereto, a joint employee of Sound Transit and Securitas, and, in doing the things complained of herein, was acting under color of law and within the course and scope of her employment by Sound Transit and Securitas.

8. Defendant Sound Transit FEO Justin K. Ventura, is, or was at all times relevant hereto, a joint employee of Sound Transit and Securitas and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by Sound Transit and Securitas.

9. Defendant Sound Transit FEO Matthew D. Veile, is, or was at all times relevant hereto, a joint employee of Sound Transit and Securitas, and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by Sound Transit and Securitas.

10. Defendant Sound Transit Field Supervisor Christopher Windham, is, or was at all times relevant hereto, a joint employee of Sound Transit and Securitas, and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by Sound Transit and Securitas.

11. Defendant Securitas Security Services USA, Inc. (hereinafter "Securitas") is and was at all times relevant hereto, a company registered in the State of Washington to maintain and conduct business in Washington state and employs individual Defendant officers herein.

FIRST AMENDED COMPLAINT FOR DAMAGES - 3
Case No. 2:15-cv-00786 TSZ

AKW LAW, PLLC
2150 N 107th St., Ste. 520
Seattle, WA 98133
Tel. (206) 886-7886/Fax (855) 925-9529

12. Defendants Does I through V, in doing the things complained of herein, were acting under color of law and within the course and scope of their employment by the Sound Transit and Securitas.

13. Each defendant is, and at all times herein mentioned was, an agent of the other and acting within the course and scope of that agency in causing the harm as herein alleged.

## V. ADMINISTRATIVE PROCEEDINGS

14. Within the statutory time period, specifically on August 6, 2014, Plaintiff filed a claim, arising out of the events alleged herein, against Sound Transit pursuant to RCW § 4.96.020. On October 5, 2014 the claim was rejected by operation of law because it was not responded to.

## VI. STATEMENT OF FACTS

15. On September 24, 2013, at about 1:30 p.m., Plaintiff Brandon Creekmore, African American, was riding the light rail operated by Defendant Sound Transit with his friend.

16. Plaintiff got on the light rail at University Street Station, headed southbound, and intended to exit about five (5) stops later, at Beacon Hill Station.

17. During this ride on the light rail, Plaintiff and his friend were attending to their own business.

18. Defendants Carpenter and Ackers were also riding the same light rail headed southbound of Stadium Station.

19. Defendant Ackers requested Plaintiff and his friend to exit at the Pioneer Square station to check their fares. Their fares cleared and Plaintiff and his friend got on the next train. Defendants Ackers and Carpenter also boarded the same train.

FIRST AMENDED COMPLAINT FOR DAMAGES - 4
Case No. 2:15-cv-00786 TSZ

AKW LAW, PLLC
2150 N 107th St., Ste. 520
Seattle, WA 98133
Tel. (206) 886-7886/Fax (855) 925-9529

20. Within minutes of boarding the train, Defendant Carpenter approached Plaintiff to check his fare again. Plaintiff explained that Defendant Ackers had just checked their fares and was cleared.

21. Defendant Ackers confirmed Plaintiff's statement and that there was no need to check their fares again.

22. Defendant Carpenter called out on his radio and asked for a police response at SODO Station for an "ID check".

23. FEO personnel generally call Sound Transit Police to arrive at the light rail stations for an ID check when there is a fare evader who has no ID and the Sound Transit Police responds to help identify the person.

24. Two King County Metro police officers responded to the SODO station and asked on the radio where Defendant Carpenter was.

25. Later, Defendant Carpenter responded that he was now at Beacon Hill Station. He provided no additional information regarding the situation.

26. The radio dispatcher/operator tried several times to contact Defendant Carpenter to obtain further information, but Defendant Carpenter never responded.

27. During the train ride, Defendant Carpenter asked Plaintiff for proof of fare, Plaintiff explained that he had already shown proof to Defendant Ackers already. However, Plaintiff complied anyway and showed Defendant Carpenter his ORCA card.

28. Defendant Carpenter checked Plaintiff's ORCA card, which showed that Plaintiff paid his fare. Defendant Carpenter returned Plaintiff's ORCA card to him.

FIRST AMENDED COMPLAINT FOR DAMAGES - 5
Case No. 2:15-cv-00786 TSZ

AKW LAW, PLLC
2150 N 107th St., Ste. 520
Seattle, WA 98133
Tel. (206) 886-7886/Fax (855) 925-9529

29. Brief verbal exchanges ensued between Defendant Carpenter and Plaintiff during the train ride. However, the majority of the time, Defendants Carpenter and Ackers were on the opposite side of the train from Plaintiff and his friend.

30. Plaintiff did not want to continue with Defendant Carpenter's badgering verbal exchange so he exited the train with his friend at Beacon Hill Station.

31. Defendants Carpenter and Ackers followed Plaintiff and his friend off the train and towards the elevators.

32. Plaintiff and his friend entered the elevator from the station platform to reach the surface. Defendants Carpenter and Ackers followed Plaintiff and his friend into the same elevator.

33. Plaintiff and his friend remained near the exit doors of the elevator, with their backs to Defendants Carpenter and Ackers the majority of the time.

34. During the elevator ride, Plaintiff and Defendant Carpenter exchanged words. Once the elevator doors opened, Plaintiff proceeds to exit the elevator with his friend. However, Defendant Carpenter reaches out with both arms and pushes Plaintiff from the back.

35. Plaintiff did not expect Defendant Carpenter to assault him and turned around to figure out what was happening. Defendant Carpenter continued to grab Plaintiff as Plaintiff struggled to get free.

36. Defendant Windham arrived on the scene and immediately grabbed Plaintiff's right arm forcefully and put his upper body on Plaintiff's back, holding him down. He also had his legs wrapped around Plaintiff's right leg.

FIRST AMENDED COMPLAINT FOR DAMAGES - 6
Case No. 2:15-cv-00786 TSZ

AKW LAW, PLLC
2150 N 107th St., Ste. 520
Seattle, WA 98133
Tel. (206) 886-7886/Fax (855) 925-9529

37. Defendants Ventura and Veile arrived at the scene shortly thereafter and immediately choked and held Plaintiff down to the floor.

38. Defendant Ventura held on to Plaintiff's left ankle and put his left knee on top of Plaintiff's back of left thigh.

39. Defendant Veile put Plaintiff in a chokehold and put his body on Plaintiff's upper torso.

40. Plaintiff repeatedly stated he could not breathe. Defendant Veile stated, "If you can talk you can breathe."

41. Plaintiff was then placed in handcuffs and was arrested for disorderly conduct.

42. During the entire incident, Defendant Ackers stood by and did nothing to diffuse the situation or pull Defendant Carpenter back. She never announced on radio what was going on during the struggle between Defendant Carpenter and Plaintiff.

43. Plaintiff never threw a punch at Defendant Carpenter. Plaintiff tried to step away from Defendant Carpenter at one point but Defendant Carpenter kept his legs wrapped around Plaintiff, not allowing him to step away.

44. By the end of the struggle, Plaintiff was shirtless and his shoes came off.

45. The Seattle Fire Department arrived on the scene to take vitals of Plaintiff. Plaintiff threw up several times while in the patrol car.

46. Plaintiff suffered physical injuries, including but not limited to injuries to his face, shoulder, arm, back, and leg.

47. Plaintiff was arrested for disorderly conduct and booked into King County Jail and remained there for a few hours.

FIRST AMENDED COMPLAINT FOR DAMAGES - 7
Case No. 2:15-cv-00786 TSZ

AKW LAW, PLLC
2150 N 107th St., Ste. 520
Seattle, WA 98133
Tel. (206) 886-7886/Fax (855) 925-9529

48. Plaintiff had to pay bail to be released. Plaintiff paid a bail bonds company five hundred dollars ($500.00) for bail.

49. Defendants Carpenter and Ackers wrote and submitted incident reports after the struggle and fabricated the way this incident happened, including claiming that Plaintiff initiated the contact with Defendant Carpenter.

50. Defendant Securitas employs Defendant officers and has a contract with Defendant Sound Transit for their security officers.

## VII. FIRST CLAIM FOR RELIEF

(42 U.S.C. § 1983 – Violation of Fourth Amendment – Unlawful Arrest against all Defendants except Sound Transit, Akers, and Securitas)

51. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 50 with the same force and effect as if such paragraphs were separately alleged.

52. The actions of Defendant officers in arresting Plaintiff without probable cause deprived him of his Fourth Amendment rights to be free from deprivations of liberty without legal and/or probable cause and due process of law in violation of 42 U.S.C. § 1983.

53. Defendant officers and each of them, subjected Plaintiff to such deprivations by malice and a reckless and conscious disregard of his rights for which an award of punitive damages is warranted.

54. The direct and proximate result of Defendants' acts is that Plaintiff was forced to endure physical pain and suffering, mental suffering and emotional distress, that he was deprived of his physical liberty, and that he incurred medical and legal expenses.

//

FIRST AMENDED COMPLAINT FOR DAMAGES - 8
Case No. 2:15-cv-00786 TSZ

AKW LAW, PLLC
2150 N 107th St., Ste. 520
Seattle, WA 98133
Tel. (206) 886-7886/Fax (855) 925-9529

## SECOND CLAIM FOR RELIEF

(42 U.S.C. § 1983 – Violation of Fourth Amendment – Unlawful Detention against Carpenter only)

55. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 54 with the same force and effect as if such paragraphs were separately alleged.

56. The actions of Defendant Carpenter, as detailed above, deprived Plaintiff of his Fourth Amendment rights to be free from unlawful detention and deprived him of his Fourth Amendment rights to be free from deprivations of liberty without legal and/or probable cause and due process of law in violation of 42 U.S.C. § 1983.

57. Defendant Carpenter subjected Plaintiff to such deprivations by malice and a reckless and conscious disregard of his rights for which an award of punitive damages is warranted.

58. The direct and proximate result of Defendant Carpenter's acts is that Plaintiff was forced to endure physical pain and suffering, mental suffering and emotional distress, that he was deprived of his physical liberty, and that he incurred medical and legal expenses.

## THIRD CLAIM FOR RELIEF

(42 U.S.C. § 1983 – Violation of Fourth Amendment – Unreasonable Use of Force against all Defendants except Sound Transit, Akers, and Securitas)

59. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 58 with the same force and effect as if such paragraphs were separately alleged.

60. The actions of Defendant officers, as detailed above, deprived Plaintiff of his Fourth Amendment rights to be free from unnecessary and excessive uses of force in violation of 42 U.S.C. § 1983.

AKW LAW, PLLC
2150 N 107th St., Ste. 520
Seattle, WA 98133
Tel. (206) 886-7886/Fax (855) 925-9529

61. Defendant officers subjected Plaintiff to such deprivations by malice and a reckless and conscious disregard of his rights for which an award of punitive damages is warranted.

62. The direct and proximate result of Defendants' acts is that Plaintiff was forced to endure physical pain and suffering, mental suffering and emotional distress, that he was deprived of his physical liberty, and that he incurred medical and legal expenses.

### FOURTH CLAIM FOR RELIEF

(42 U.S.C. § 1983 – Failure to Prevent Civil Rights Violation against Akers only)

63. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 62 with the same force and effect as if such paragraphs were separately alleged.

64. The actions of Defendant Akers in watching her fellow officer violate Plaintiff's Fourth Amendment rights as described above without attempting to stop it, deprived Plaintiff of his constitutional right to be free from illegal detention and the use of unreasonable force and freedom from summary punishment.

65. Defendant Akers subjected Plaintiff to such deprivations by malice and a reckless and conscious disregard of his rights for which an award of punitive damages is warranted.

66. The direct and proximate result of Defendants' acts is that Plaintiff was forced to endure physical pain and suffering, mental suffering and emotional distress, that he was deprived of his physical liberty, and that he incurred medical and legal expenses.

//

//

//

FIRST AMENDED COMPLAINT FOR DAMAGES - 10
Case No. 2:15-cv-00786 TSZ

AKW LAW, PLLC
2150 N 107th St., Ste. 520
Seattle, WA 98133
Tel. (206) 886-7886/Fax (855) 925-9529

## FIFTH CLAIM FOR RELIEF

(42 U.S.C. § 1983 – *Monell* Claim – Sound Transit)

67. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 66 with the same force and effect as if such paragraphs were separately alleged.

68. Policymakers for Sound Transit know to a moral certainty that their officers will be required to confront and possibly detain persons suspected of fare evasion and/or other inappropriate behavior.

69. Sound Transit has no policy in place directing its officers how to approach and deal with its riders regarding possible fare evasion and/or other inappropriate behavior and Sound Transit failed to train its officers in investigating, detaining, and making arrests of such individuals.

70. Said lack of policy and failure to train has exposed those who are in compliance with the law to unreasonable assault, battery, seizures, and arrests.

71. Thus, the need to train officers in the constitutional limitations on the seizure of narcotics can be said to be "so obvious," that the failure to do so could properly be characterized as "deliberate indifference" to constitutional rights.

72. In general, the pleadings contain sufficient evidence to establish the following facts: (1) a violation of a federally-protected right, to wit, Fourth Amendment rights; (2) inadequate training of employees, to wit, gross failure of the policies and procedures of detention, fare enforcement, etc.; and (3) causation between the inadequate training and each of Plaintiff's injuries.

73. Sound Transit breached its duty of care to Plaintiff as a citizen because it failed to adequately train its officers, including those named in this complaint. This lack of

FIRST AMENDED COMPLAINT FOR DAMAGES - 11
Case No. 2:15-cv-00786 TSZ

AKW LAW, PLLC
2150 N 107th St., Ste. 520
Seattle, WA 98133
Tel. (206) 886-7886/Fax (855) 925-9529

adequate supervisorial training, and/or policies and procedures is so gross that it demonstrates the existence of an informal custom or policy of promoting, tolerating, and ratifying the continuing unlawful use of force, detention, and arrests by officers employed and/or contracted by Sound Transit.

74. Sound Transit's improper training permitted each Defendant officer to use poor judgment in assessing transit rider's actions and/or behavior and in using force.

75. The foregoing acts, omissions, and systemic failures are customs and policies of Defendant Sound Transit, which caused its officers/employees to use the amount of force to be used was within their unfettered discretion, with the foreseeable result that officers would likely cause the deprivation of rights that occurred in this case. Such conduct on the part of Defendant Sound Transit renders it liable for its officer's constitutional violations.

76. As a direct and proximate cause of the aforesaid acts, omissions, policies, customs and ratification of Defendant Sound Transit, the individual Defendant officers caused the constitutional violations and the damages described above.

77. Defendant Sound Transit is liable for the harm to Plaintiff described herein.

78. At all times herein mentioned, Sound Transit had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its officers so as to avoid unreasonable risk of harm to citizens. With deliberate indifference, Sound Transit failed to take necessary, proper, or adequate measures in order to prevent the violation of Plaintiff's rights. Defendant Sound Transit's conduct described above shows that he does not know what constitutes reasonable force because of inadequate training by Sound Transit.

//

//

AKW LAW, PLLC
2150 N 107th St., Ste. 520
Seattle, WA 98133
Tel. (206) 886-7886/Fax (855) 925-9529

## SIXTH CLAIM FOR RELIEF

(Negligence against all Defendants)

79. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 78 with the same force and effect as if such paragraphs were separately alleged.

80. Defendant officers and/or other Sound Transit personnel were negligent in allowing its employees to detain, assault, and use unreasonable force on Plaintiff, which caused him mental, emotional, and physical injuries.

81. In doing the things alleged herein, Defendant officers were acting within the course and scope of employment by Sound Transit. Defendant Sound Transit is therefore liable for all damages, other than punitive damages caused by individual Defendant officers.

## SEVENTH CLAIM FOR RELIEF

(Assault and Battery against all Defendants except Sound Transit, Securitas and Akers)

82. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 81 with the same force and effect as if such paragraphs were separately alleged.

83. Defendant officers acted with the intent to cause an apprehension of harmful or offensive contact, and did in fact cause offensive contact, with Plaintiff as described above.

84. The direct and proximate result of Defendants' acts is that Plaintiff was forced to endure physical pain and suffering, mental suffering and emotional distress, that he was deprived of his physical liberty, and that he incurred medical and legal expenses.

85. All Defendants are liable for said conduct under both vicarious liability and on an agency relationship.

FIRST AMENDED COMPLAINT FOR DAMAGES - 13
Case No. 2:15-cv-00786 TSZ

AKW LAW, PLLC
2150 N 107th St., Ste. 520
Seattle, WA 98133
Tel. (206) 886-7886/Fax (855) 925-9529

86. All Defendants subjected Plaintiff to such deprivations by malice and a reckless and conscious disregard of his rights for which an award of punitive damages is warranted.

87. At no time did Plaintiff consent or acquiesce to any of Defendants' acts alleged above.

## EIGHTH CLAIM FOR RELIEF

(Unlawful Arrest and Detention against All Defendants except Sound Transit, Securitas and Akers)

88. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 87 with the same force and effect as if such paragraphs were separately alleged.

89. In doing the things alleged herein, Defendant officers unlawfully detained and arrested Plaintiff with the use of excessive force. Defendant officers lacked probable cause in seizing, arresting and detaining Plaintiff in violation of his rights.

## NINTH CLAIM FOR RELIEF

(Sound Transit and Securitas – *Respondeat Superior*)

90. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 89 with the same force and effect as if such paragraphs were separately alleged.

91. In doing the things herein alleged, Defendant officers were acting within their course and scope of their employment with Sound Transit and Securitas. Sound Transit and Securitas is therefore jointly and severally liable for the conduct of Defendant officers and damages.

//

//

FIRST AMENDED COMPLAINT FOR DAMAGES - 14
Case No. 2:15-cv-00786 TSZ

AKW LAW, PLLC
2150 N 107th St., Ste. 520
Seattle, WA 98133
Tel. (206) 886-7886/Fax (855) 925-9529

## TENTH CLAIM FOR RELIEF

(Securitas – Negligent Hiring and Supervision and Failure to Train)

92. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 91 with the same force and effect as if such paragraphs were separately alleged.

93. Plaintiff is informed and believes and thereon alleges that, in doing the acts alleged herein, Defendant Securitas knew, or in the exercise of reasonable diligence should have known, that Defendant officers were unfit to be officers. Defendant Securitas failed to provide the appropriate background check and supervision of Defendant officers which would have likely prevented them from committing the very types of acts that they are accused of doing.

94. Defendant Securitas failed to implement a system to conduct proper background checks on employees before hiring them as well as failed to properly supervise and train its employees.

95. The direct and proximate result of Defendant's acts is that Plaintiff was forced to endure physical pain and suffering, mental suffering and emotional distress, that he was deprived of his physical liberty, and that he incurred medical and legal expenses.

## ELVENTH CLAIM FOR RELIEF

(Sound Transit – Negligent Hiring and/or Contracting)

96. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 95 with the same force and effect as if such paragraphs were separately alleged.

97. Plaintiff is informed and believes and thereon alleges that, in doing the acts alleged herein, Defendant Sound Transit, or in the exercise of reasonable diligence should have known, that Defendant officers were unfit to be officers and Securitas was unfit to

FIRST AMENDED COMPLAINT FOR DAMAGES - 15
Case No. 2:15-cv-00786 TSZ

AKW LAW, PLLC
2150 N 107th St., Ste. 520
Seattle, WA 98133
Tel. (206) 886-7886/Fax (855) 925-9529

provide officers to Sound Transit for the positions individual Defendants held. Defendant Sound Transit failed to conduct the appropriate investigation and background check of Securitas prior to hiring and/or contracting with Securitas to provide officers to Sound Transit, which would have likely prevented the very types of acts that the officers are accused of doing.

98. Defendant Sound Transit failed to implement a system to conduct proper background checks and investigation on Securitas and its employees before hiring and/or contracting with it as well as failed to properly supervise and train its employees.

99. The direct and proximate result of Defendant Sound Transit's acts is that Plaintiff was forced to endure physical pain and suffering, mental suffering and emotional distress, that he was deprived of his physical liberty, and that he incurred medical and legal expenses.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief, jointly and severally, against Defendants:

A.  For general and special compensatory damages for Plaintiff and against Defendant Carpenter in the amount of $300,000; against Defendant Ackers in the amount of $250,000; and against all other defendants in the amount of $100,000.

B.  For punitive damages against Defendant Carpenter in the amount of $100,000;

C.  For reasonable attorney's fees and costs pursuant to the provisions of 42 U.S.C. § 1988 or any other applicable law;

D.  For costs of suit incurred herein; and

//

FIRST AMENDED COMPLAINT FOR DAMAGES - 16
Case No. 2:15-cv-00786 TSZ

AKW LAW, PLLC
2150 N 107th St., Ste. 520
Seattle, WA 98133
Tel. (206) 886-7886/Fax (855) 925-9529

E. For such other and further relief as the Court may deem just.

DATED this 1st day of December, 2015.

**AKW LAW, PLLC**

_____
Ada K. Wong, WSBA #45936
Attorney for Plaintiff Creekmore

**CIVIL RIGHTS JUSTICE CENTER, PLLC**

_____
Darryl Parker, WSBA #30770
Attorney for Plaintiff Creekmore

FIRST AMENDED COMPLAINT FOR DAMAGES - 17
Case No. 2:15-cv-00786 TSZ

AKW LAW, PLLC
2150 N 107th St., Ste. 520
Seattle, WA 98133
Tel. (206) 886-7886/Fax (855) 925-9529

# CERTIFICATE OF SERVICE

I hereby declare under penalty of perjury that on Dec. 11, 2015, I caused a copy of the foregoing **FIRST AMENDED COMPLAINT FOR DAMAGES** to be served on the parties listed below via the CM/ECF system:

Attorneys for Defendants Securitas Security Services USA, Inc., Ackers, Veile, and Windham:

> S. Karen Bamberger
> Betts, Patterson & Mines, PS
> 701 Pike St., Ste. 1400
> Seattle, WA 98101
> kbamberger@bpmlaw.com

Attorneys for Defendant Sound Transit:

> James Niemer
> Sound Transit
> 401 S. Jackson St.
> Seattle, WA 98104
> James.niemer@soundtransit.org

Attorneys for Terrence Carpenter:

> Heather M. Jensen
> William W. Simmons
> 2101 Fourth Ave., Suite 700
> Seattle, WA 98121
> Heather.jensen@lewisbrisbois.com
> William.simmons@lewisbrisbois.com

Dated this 11 day of December, 2015, at Seattle, Washington.

Eliza J. Manoff, Sr. Legal Assistant

FIRST AMENDED COMPLAINT FOR DAMAGES - 18
Case No. 2:15-cv-00786 TSZ

**AKW LAW**, PLLC
2150 N 107th St., Ste. 520
Seattle, WA 98133
Tel. (206) 886-7886/Fax (855) 925-9529